UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORIYOMI SADIQ ALOBA (A-205-629-673),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX,<br>Respondent. | No. 1:26-cv-02764 DAD-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Oriyomi Sadiq Aloba (A-205-629-673), a native and citizen of Nigeria who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his November 2025 detention by U.S. Immigration and Customs Enforcement ("ICE"). For the reasons that follow, the Court recommends that the petition be denied.

## I. BACKGROUND

On September 6, 2013, petitioner was admitted into the United States on a nonimmigrant K-1 visa. (ECF No. 6 at 2; ECF No. 6-5 at 1.) On April 22, 2015, petitioner's status was adjusted to a lawful permanent resident. (Id.)

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Respondents summarize petitioner's relevant criminal history as follows: "On or about July 25, 2019, a federal jury in the Central District of California convicted Petitioner of multiple federal offenses. On or about October 20, 2025, Petitioner was re-sentenced on the following counts: conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; 16 counts of wire fraud in violation of 18 U.S.C. § 1343, four counts of unauthorized impairment of a protected computer in violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(i), (ii); and aggravated identity theft in violation of 1028A. Ex. 1 at 9. These convictions were related to a phishing scheme by which victims' email credentials, personal identifying information, and credit card information were stolen. Ex. 1 at 20-21. These crimes included accessing the computer systems associated with the Los Angeles Superior Court. See Ex. 1 at 36-39 (Counts 18 - 23). Petitioner was sentenced to a total term of 75 months in prison. Petitioner was ordered to pay $47,1799.26 (sic) in restitution. Ex. 1 at 11." (ECF No. 6 at 2.)

Upon petitioner's release from the federal Bureau of Prisons, petitioner was taken into custody pursuant to an arrest warrant by ICE on or about November 13, 2025. (ECF No. 6 at 2.) On November 18, 2025, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 6-5 at 1.) Petitioner was charged with being removable based on his Central District of California federal aggravated felony convictions pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), (iii) (INA § 237(a)(2)(A)(i), (iii)). (ECF No. 6-5 at 1, 4.)

On December 10, 2025, petitioner was provided a custody redetermination hearing before an immigration judge, which was denied. (ECF No. 6 at 2.) Petitioner's March 23, 2026 appeal to the Board of Immigration Appeals was dismissed as untimely. (ECF No. 6 at 2; ECF No. 6-7.)

On April 13, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On April 15, 2026, the district court ordered respondents to file a response to petitioner's motion for a temporary restraining order. (ECF No. 5.) On April

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

17, 2026, respondents filed an opposition to the motion for a temporary restraining order and response to the petition. (ECF No. 6.) On April 21, 2026, the district court denied petitioner's motion for a temporary restraining order without prejudice to renewal through a properly supported motion. (ECF No.7.) The district court rejected petitioner's argument that "materially disputed records" and "inconsistencies" violated due process where "Petitioner has not provided any evidence or argument explaining how these purportedly disputed records and identity inconsistencies relate to his current detention." (Id.) The district court referred this action to the assigned magistrate judge or further proceedings. (Id.)

On May 4, 2026, petitioner filed a reply. (ECF No. 9.) Petitioner subsequently filed multiple notices.[3] (ECF Nos. 10, 12-15.) Petitioner provided updates on his immigration proceedings, including that proceedings were re-scheduled, an immigration judge ordered petitioner removed, petitioner has appealed this removal order to the BIA, petitioner's BIA appeal is still pending, and petitioner has requested a bond redetermination hearing. (See ECF No. 14 at 3; ECF No. 15; ECF No. 16.) On September 28, 2026, petitioner filed a motion for leave to file supplemental notice of material post-petition developments, included his supplemental brief, which the Court grants. (ECF No. 16.) Respondent has not responded to petitioner's supplemental notices/briefs. (See Docket.) Given the issuance of these findings and recommendations, petitioner's request for a prompt ruling is denied as moot. (See id.) Briefing is closed. (See Docket.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

[3] Petitioner also enclosed copies of his correspondence with the California Department of Motor Vehicles. (See ECF No. 14.)

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as challenging his detention as a violation of the Fifth Amendment procedural due process clause. (See ECF No. 1.) Petitioner argues that his detention is based on "materially disputed records" and "inconsistencies", and that exhaustion should be excused as futile or inadequate.[4] (ECF No. 1 at 6, 7, 10-12; ECF No. 9.) Respondent argues that petitioner is subject to mandatory detention pursuant to multiple grounds. First, pursuant to 8 U.S.C. § 1226(c)(1)(B), petitioner is subject to mandatory detention based on his conviction for multiple aggravated felonies under 8 U.S.C. § 1227(a)(2)(A)(iii), including aggravated identity theft in violation of 18 U.S.C. § 1028A (defined in 8 U.S.C. § 1101(a)(43)(G)); wire fraud in violation of 18 U.S.C. §§ 1349 and 1343, which involve fraud or deceit in which the loss to victim(s) exceeded $10,000 where petitioner was ordered to pay $45,484.31 in restitution (defined in 8 U.S.C. § 1101(a)(43)(M)(i)); and conspiracy to commit wire fraud, which constitutes an aggravated felony (defined in 8 U.S.C. § 1101(a)(43)(U)). (ECF No. 6 at 1, 3.) Second, pursuant to 8 U.S.C. § 1226(c)(1)(B), petitioner is subject to mandatory detention based on his conviction of a crime involving moral turpitude committed within ten years of becoming a lawful permanent resident for which the petitioner was sentenced for one year or longer under 8 U.S.C. § 1227(a)(2)(A)(i). (ECF No. 6 at 3.)

Based on the record presently before the Court and for the purposes of this habeas petition, the Court agrees with respondent that petitioner is mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1)(B) based on his aggravated felony convictions. See 8 U.S.C.

[4] In petitioner's pro se petition, his exhaustion argument is listed as a separate claim.

§ 1226(c)(1)(B); 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(G), § 1101(a)(43)(M)(i), and § 1101(a)(43)(U) (applicable definitions of "aggravated felony"). During the pendency of this habeas action, petitioner reported that an immigration judge issued a removal order and petitioner's appeal of this order to the BIA is pending. Therefore, petitioner's detention has not transitioned to 8 U.S.C. § 1231 because there is no administratively final removal order. See 8 U.S.C. § 1231(a); 8 U.S.C. § 1101(a)(47)(B) (defining when removal order becomes "final"); Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.").

To the extent petitioner raises a prolonged detention claim, this claim fails as petitioner received a custody redetermination hearing before an immigration judge in December 2025, approximately one month after he was detained. (See ECF No. 6 at 2.). Petitioner does not dispute this in his reply to respondents' opposition/response. (See ECF No. 9.)

Finally, it is unclear, but it appears that petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) and that exhaustion should be excused. (See ECF No. 1 at 6-7, 11-12; ECF No. 9 at 2, 6-7.) To the extent that petitioner is making a challenge to his detention under § 1226(c), petitioner can challenge this mandatory detention under Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999), in a Joseph hearing. Regardless, because respondent does not argue exhaustion, the Court declines to consider it. In addition, as the district court found in denying petitioner's motion for a temporary restraining order, petitioner repeats similar arguments regarding disputed records and identity inconsistencies, but fails to explain how these relate to his immigration detention and how they make his detention unconstitutional. (See ECF No. 7 (order denying petitioner's motion for a temporary restraining order); ECF No. 9 at 2, 6-7 (e.g., arguing that different names are used in reference to petitioner, including Oriyommie Saddiq Aloba, Oriyommy Saddiq Aloba, Oriyomi Saddiq Aloba, and Oriyomi Aloba)).) The Court recommends that the petition be denied.

///

///

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for leave to file supplemental notice of material post-petition developments (ECF No. 16) is granted, and petitioner's request for a prompt ruling (ECF No. 16) is denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be denied.
2. The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/alob.2764.26.frs